B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Stanley K. Minton | DEFENDANTS<br>The United States of America |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Irvin Grodsky, PC, P.O. Box 3123, Mobile, AL 36652, (251) 433-3657 | **ATTORNEYS** (If Known) Attorney General Alberto Gonzales<br>US Dept. of Justice, 950 Pennsylvania Ave. NE, Washington DC 20530<br>Internal Rev. Serv.<br>P.O. Box 21126<br>Philadelphia, PA 19114<br>Charles Baer, Asst.US Atty<br>63 S. Royal St., #600<br>Mobile, AL 36602 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

determination under Section 505 that trust fund recovery penalty for unpaid payroll taxes is not properly assessable.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other trust fund recovery penalty

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought    determination no liability for trust fund recovery penalty.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Stanley K. Minton | BANKRUPTCY CASE NO. 09-15164-WSS-7 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISION OFFICE<br>Southern | NAME OF JUDGE<br>William S. Shulman | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE  1/29/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>IRVIN GRODSKY | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NUMBER |
| STANLEY K. MINTON, | * | 09-15164-WSS-7 |
| Debtor. | * | |
| STANLEY K. MINTON, | * | |
| Plaintiff, | * | ADV. NUMBER |
| vs. | * | _____ |
| THE UNITED STATES OF AMERICA, | * | |
| Defendants. | * | |

**COMPLAINT TO DETERMINE LIABILITY AND
DISCHARGEABILITY OF TRUST FUND RECOVERY PENALTY**

1. This is an adversary proceeding requesting the Court to determine that the Debtor's alleged obligation for the Trust Fund Recovery Penalty for unpaid federal payroll taxes of Minton's, Inc. for the calendar quarters ending September 30, 2008, December 31, 2008, March 31, 2009, and June 30, 2009 is not properly assessable against the Debtor under §6672 of the Internal Revenue Code and that Debtor's alleged liability for the same is dischargeable under 11 U.S.C. § 523.

2. This Court has jurisdiction of this cause under 28 U.S.C. § 157 et. seq. and 11 U.S.C. §§ 505 and 523.

3. Debtor filed a Chapter 7 proceeding on November 4, 2009.

4. At the time of the filing, the United States Internal Revenue Service had entered its proposed assessment of Trust Fund Recovery Penalty against the Debtor for alleged unpaid Federal Payroll Taxes (941) owed by Minton's, Inc. for the calendar quarters ending September 30, 2008, December 31, 2008, March 31, 2009, and June 30, 2009.

5. The United States of America claimed that Debtor owed it $24,995.91 for said Trust Fund Recovery Penalty.

6. Debtor timely filed a small case appeal challenging whether the Internal Revenue Service was justified in finding that Debtor was responsible for withholding and remitting payroll taxes of Minton's, Inc. during the applicable period and further challenging whether Debtor willfully caused Minton's Inc. to fail to remit said payroll taxes during said period.

7. The Internal Revenue Service Revenue Officer determined that there was no merit to the appeal within two days of the filing of the same and advised the Debtor on November 18, 2009, that the matter had been forwarded to the Internal Revenue Service's Appeals Office. Upon information and belief the appeal before the Appeals Office was pending on the day that Debtor's Chapter 7 petition was filed.

8. Debtor denies that he is liable for the Trust Fund Recovery Penalty and therefore alleges that the disputed assessment is dischargeable under §523 of the Bankruptcy Code.

WHEREFORE, Plaintiff prays for a judgment determining that Plaintiff Stanley K. Minton is not liable for the Trust Fund Recovery Penalty due to unpaid Federal Payroll Taxes owed by Minton's. Inc. for the calendar quarters ending September 30, 2008, December 31, 2008, March 31, 2009, and June 30, 2009 and determining that the disputed assessment of said penalty is dischareable and Plaintiff prays for such further and different relief as may seem meet and proper, the circumstances considered.

_[signature]_

IRVIN GRODSKY
Attorney for Debtor/Plaintiff
Post Office Box 3123
Mobile, Alabama 36652
(251) 433-3657
igrodsky@irvingrodskypc.com